1
2
3
4
5
6  **UNITED STATES DISTRICT COURT**
7  **DISTRICT OF NEVADA**
8

9  JOSEPH RUBEN SANCHEZ,                          )
                                                   )
10              Petitioner,                        )          3:06-CV-0332-LRH-RAM
                                                   )
11  vs.                                            )
                                                   )          **ORDER**
12  ELDON K. McDANIEL, *et al.*,                   )
                                                   )
13              Respondents.                       )
    _____/
14

15          The court previously entered an order appointing counsel for petitioner.  Counsel has now

16  entered an appearance on petitioner's behalf.  Petitioner's counsel is Paul G. Turner, Assistant

17  Federal Public Defender, 411 East Bonneville Avenue, Suite 250, Las Vegas, Nevada 89101, 702-

18  388-6577.

19          Respondents have not yet filed a notice of appearance, but shall be required to do so within

20  ten (10) days of entry of this order.

21          Petitioner and his counsel should pay very close attention to the effect of the one-year statute

22  of limitations applicable to federal habeas corpus petitions pursuant to 28 U.S.C. §2244(d)(1) (part

23  of the Antiterrorism and Effective Death Penalty Act (AEDPA)).  In addition, petitioner and his

24  counsel should be aware of the holdings in *Duncan v. Walker,* 533 U.S. 167 (2001)*, and *Fail v.

25  Hubbard*, 315 F.3d 1059 (9th Cir. 2002).  The practical effect of *Duncan* and *Fail* is that the one-

26  year limitations period applicable to all federal habeas corpus petitions will generally not be tolled

1   during the pendency of a federal habeas corpus petition.  This means that any subsequent habeas

2   corpus petition filed in this court -- for example, a petition filed after returning to state court to

3   exhaust any unexhausted claims -- may be untimely under the applicable statute of limitations, and

4   the time during which this habeas corpus case is pending will not toll or otherwise excuse

5   compliance with that statute.

6       It is appropriate at this time for the court to enter orders regarding scheduling in this case.

7       **IT IS THEREFORE ORDERED** that counsel for petitioner shall contact petitioner as soon

8   as reasonably possible to: (a) review the procedures applicable in cases under 28 U.S.C. §2254;

9   (b) discuss and explore with petitioner, as fully as possible, the potential grounds for habeas corpus

10   relief in petitioner's case;  and (c) advise petitioner that all possible grounds for habeas corpus relief

11   must be raised at this time in this case, and that the failure to do so will likely result in the omitted

12   grounds being barred from future review under the rules regarding abuse of the writ.

13       **IT IS FURTHER ORDERED** that counsel for respondents shall, within ten days, file a

14   notice of appearance with this court and shall make available to counsel for petitioner (photocopying

15   costs at the latter's expense), as soon as reasonably possible, a copy of whatever portions of the state

16   court record they possess regarding the judgment petitioner is challenging herein.

17       **IT IS FURTHER ORDERED** that counsel for petitioner shall file and serve a First

18   Amended Petition for Writ of Habeas Corpus within **sixty (60) days** of the entry of this Order.  The

19   First Amended Petition shall include all known grounds for relief (both exhausted and unexhausted).

20   Respondents shall have **forty-five (45) days** after service of the First Amended Petition within

21   which to answer, or otherwise respond to, the First Amended Petition.

22       Dated this 17th day of August, 2006.

23

24

25       _____

26       LARRY R. HICKS
          UNITED STATES DISTRICT JUDGE