UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH RUBEN SANCHEZ,<br><br>    Petitioner,<br><br>vs.<br><br>E.K. McDANIEL, *et al.*,<br><br>    Respondents. | 3:06-cv-00332-LRH-RAM<br><br>ORDER |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, by Joseph Sanchez, a Nevada prisoner represented by counsel. Before the Court is respondents' motion to dismiss (Docket #34), petitioner's opposition (Docket #41), and respondents' reply (Docket #42).

**I.  Procedural History**

On February 15, 2000, following a jury trial, petitioner was convicted of conspiracy to commit kidnapping (Count I), first degree kidnapping with the use of a deadly weapon (Count II), first degree murder with the use of a deadly weapon (Count IV), conspiracy to commit robbery (Count V), and robbery with the use of a deadly weapon (Count VI). (Exhibit 13).[1] On March 30, 2000, petitioner was sentenced to the following: 13-60 months on Counts I and V, life with the possibility of parole, plus an equal and consecutive life term with the possibility of parole for use of a deadly weapon on Counts II and IV, and 35-156 months plus an equal and consecutive term for the use of a deadly weapon on Count IV, with Count II to run concurrent to Count I, Count IV to run

---

[1] The exhibits referenced in this order are found in the Court's record at Docket #16-23.

concurrent to Count II and consecutive to Count I, Count V to run consecutive to Count IV, and Count VI to run concurrent to Count V. (Exhibits 17 and 18). The judgment of conviction was filed on April 10, 2000. (Exhibit 18). An amended judgment of conviction was filed on March 11, 2004, to correct clerical errors. (Exhibit 47).

Petitioner filed a notice of appeal of his conviction on April 28, 2000. (Exhibit 19). On March 8, 2002, the Nevada Supreme Court filed its order of affirmance. (Exhibit 25). Remittitur issued on April 4, 2002. (Exhibit 26).

On June 25, 2002, petitioner filed a post-conviction habeas petition in state district court. (Exhibits 32 and 33). The state district court appointed counsel to assist petitioner with his habeas petition. (Exhibit 40). On January 15, 2003, petitioner's counsel filed a supplemental habeas petition. (Exhibit 41). On March 24, 2003, the district court heard witness testimony and argument by counsel regarding the ineffective assistance of counsel claims. (Exhibit 43). The district court denied the petition, entering findings of fact and conclusions of law on April 1, 2003. (Exhibit 44).

On May 3, 2003, petitioner filed a notice of appeal from the denial of his state habeas petition. (Exhibit 46). The Nevada Supreme Court filed an order of affirmance on July 23, 2004. (Exhibit 49). Remittitur issued on August 17, 2004. (Exhibit 51).

On July 20, 2005, petitioner filed with the state district court a motion to correct or vacate an illegal sentence. (Exhibit 52). The district court denied the motion. (Exhibit 55). Petitioner filed a notice of appeal on August 22, 2005. (Exhibit 57). The Nevada Supreme Court affirmed the district court's ruling by order filed December 6, 2005. (Exhibit 68). Remittitur issued January 20, 2006. (Exhibit 76).

Petitioner filed a second post-conviction habeas petition with the state district court on September 19, 2005. (Exhibit 61). The state district court denied the petition on November 7, 2005, as untimely and successive. (Exhibits 73, 77, and 79). Petitioner appealed the denial of his second state habeas petition. (Exhibit 70). On April 21, 2006, the Nevada Supreme Court affirmed the district court, concluding that the petition was untimely and petitioner failed to demonstrate good cause and prejudice for the procedural default. (Exhibit 80). Remittitur issued May 22, 2006. (Exhibit 83).

On June 8, 2006, petitioner mailed his original federal habeas petition pursuant to 28 U.S.C. § 2254. (Docket #3, at p. 1). By order filed July 12, 2006, this Court appointed the Office of the Federal Public Defender to represent petitioner in this action. (Docket #6). A scheduling order was entered on August 17, 2006, directing an amended petition to be filed within sixty days, and directing respondents to answer or otherwise respond to the petition within forty-five days of being served with the same. (Docket #8). Through counsel, and after three extensions of time, petitioner filed an amended petition on March 8, 2007. (Docket #15). On June 5, 2008, this Court issued an order directing respondents to show cause why they had not filed an answer or other response to the petition. (Docket #25). Respondents showing good cause, this Court discharged the order to show cause on June 16, 2008. (Docket #29).

Respondents filed the instant motion to dismiss on September 17, 2008, asserting that the petition is time-barred under 28 U.S.C. § 2244. (Docket #34). Petitioner, through counsel, filed a response on November 21, 2008. (Docket #41). Respondents filed a reply brief on December 3, 2008. (Docket #42).

**II.     Discussion**

   **A.  AEDPA Statute of Limitations**

Respondents contend that the petition was time-barred. The Antiterrorism and Effective Death Penalty Act (AEDPA) amended the statutes controlling federal habeas corpus practice to include a one-year statute of limitations on the filing of federal habeas corpus petitions. With respect to the statute of limitations, the habeas corpus statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

3

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d).

The Ninth Circuit Court of Appeals held in 2002, that a "properly filed application" was one in which the "delivery and acceptance are in compliance with the applicable laws and rules governing filings" even if the petition was later held to be untimely, *Dictado v. Ducharme,* 244 F.3d 724, 726-27 (9th Cir. 2001), *quoting Artuz v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 364 (2000), however, that position has since been held incorrect by the United States Supreme Court. *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). On April 27, 2005, the United States Supreme Court in *Pace v. DiGuglielmo* held as follows:

> In common understanding, a petition filed after a time limit, and which does not fit within any exceptions to that limit, is no more "properly filed" than a petition filed after a time limit that permits no exception.
>
> * * *
>
> What we intimated in *Saffold* we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for the purposes of § 2244(d)(2).

*Id.* at 413-14.

**B. Application to the Instant Case**

Petitioner's judgment of conviction was filed on April 10, 2000. (Exhibit 18). Petitioner's direct appeal was denied by order of the Nevada Supreme Court on March 8, 2002. (Exhibit 25). Petitioner's conviction became final ninety days following that date, the time in which petitioner could have sought certiorari with the United States Supreme Court, on June 6, 2002. See *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Petitioner filed his first state habeas petition on June 25, 2002, after which 19 days had

4

passed of his AEDPA statute of limitations. (Exhibits 32 and 33). The filing of the habeas petition triggered the statutory tolling of the AEDPA limitations period. On July 23, 2004, the Nevada Supreme Court affirmed the state court's denial of the habeas petition. (Exhibit 49). Remittitur issued on August 17, 2004. (Exhibit 51). From this date, petitioner had 346 days remaining, or until July 29, 2005, to file a timely federal petition under the AEDPA one-year limitations period.

Nearly one year later, on July 20, 2005, with nine days remaining in which to file a federal petition, petitioner filed his motion to correct illegal sentence. (Exhibit 52). Filing this motion statutorily tolled the AEDPA statute of limitations. On December 6, 2005, the Nevada Supreme Court denied his appeal from denial of the motion to correct illegal sentence. (Exhibit 68). Remittitur issued on January 3, 2006. (Exhibit 76). At that point, petitioner had nine days, or until January 12, 2006, to timely file his federal habeas petition.

While his appeal on the motion to correct illegal sentence was pending, petitioner filed his second state habeas petition on September 19, 2005. (Exhibit 61). The district court denied the petition as untimely and successive, and the Nevada Supreme Court affirmed that ruling by order filed April 21, 2006. (Exhibit 80). Remittitur issued on May 15, 2006. (Exhibit 83). Respondents argue that the second state habeas petition was not a "properly filed" state post-conviction or collateral review sufficient to toll the AEDPA limitations period, citing *Pace v. DiGuglielmo,* 544 U.S. 408, 413 (2005). Petitioner mailed his original federal habeas petition on June 8, 2006, almost 6 months after his AEDPA limitations period expired on January 12, 2006.

**C. Equitable Tolling**

Petitioner asserts that he is entitled to equitable tolling because petitioner was denied access to his legal file due to a prison transfer. Petitioner also cites *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), for the proposition that he is entitled to equitable tolling because of his reliance on the pre-*Pace* Ninth Circuit decision of *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001), which provided that an untimely state post-conviction petition statutorily tolled the AEDPA one-year statute of limitations.

The Ninth Circuit has held that equitable tolling is available only when "extraordinary circumstances beyond a prisoner's control make it impossible to file the petition on time." *See*

5

*Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003). Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

### 1. Separation from Legal File

Petitioner asserts that he is entitled to 75 days of equitable tolling because the Nevada Department of Corrections separated him from his legal file during a critical point in his post-conviction case. The Nevada Supreme Court affirmed the denial of his first state habeas petition on July 23, 2004, and two days later, petitioner was transferred from High Desert State Prison to Ely State Prison. Petitioner alleges that he was not allowed to take his property, including his legal file, with him. Petitioner alleges that he did not learn of the Nevada Supreme Court's ruling until August 2, 2004, at Ely State Prison. Petitioner asserts that, while he still had 8 days to file a petition for rehearing under Nevada Rule of Appellate Procedure 40(a)(1), he was unable to do so because he did not have his legal file with him at Ely State Prison. Petitioner asserts that this was a State-created impediment to filing under 28 U.S.C. § 2244(d)(1)(b) and that it is reason to invoke equitable tolling. Petitioner asserts he was "effectively denied his right to file a petition for rehearing that would have stayed the remittitur and continued the statutory tolling of his federal limitations period under § 2244(d)." (Petitioner's Reply, at p. 4). A denial of access to legal files can, in some instances, be reason for equitable tolling of the AEDPA statute of limitations. *See Lott v. Mueller*, 304 F.3d 918 (2002) (remanding to district court to determine applicability of equitable tolling to limitations period for *pro se* prisoner's habeas petition based on claim that petitioner was denied access to his legal files).

Petitioner claims to have been separated from his legal file in July 2004. At that time, his deadline to file under the AEDPA was July 29, 2005. Petitioner could have filed his federal petition between August 2004 and July 29, 2005, but he failed to do so. Instead, petitioner filed his motion to correct illegal sentence on July 20, 2005. Petitioner's separation from his legal file did not prevent him from filing his motion to correct illegal sentence on July 20, 2005. (Exhibit 52). It stands to reason that he also could have filed his federal habeas petition during that time period, at which point

1  the federal petition would have been timely.

2  The motion to correct illegal sentence further tolled the AEDPA limitations period until
3  January 3, 2006, when remittitur issued from the Nevada Supreme Court's denial of his appeal of the
4  denial of the motion. (Docket #76). At that point petitioner had nine days remaining on the one-year
5  AEDPA deadline, such that his federal petition must have been filed no later than January 12, 2006,
6  to be timely. Petitioner then waited until almost six months after the AEDPA statute of limitations
7  expired to mail his federal habeas petition on June 8, 2006. Petitioner's separation from his legal file
8  was not a state-created impediment to filing under 28 U.S.C. § 2244(d)(1)(b). Additionally,
9  petitioner's separation from his legal file did not constitute extraordinary circumstances beyond his
10 control that made it impossible to file the petition on time. As mentioned above, petitioner filed his
11 motion to correct illegal sentence without his legal file – he could have chosen to file his federal
12 habeas petition during the same time period. This Court does not deem petitioner's separation from
13 his legal file sufficient to invoke equitable tolling.

14 **2. Reliance on pre-*Pace* decision in *Dictado v. Ducharme***

15 Petitioner asserts that he is entitled to 365 days of equitable tolling because of his reliance on
16 pre-*Pace*, Ninth Circuit opinion in *Dictado v. Ducharme*, 244 F.3d 724, 727-28 (9th Cir. 2001),
17 which provided that an untimely state post-conviction petition statutorily tolled the AEDPA one-year
18 statute of limitations. Petitioner cites *Harris v. Carter*, 515 F.3d 1051 (9th Cir. 2008), *cert. denied*
19 *sub nom. Brunson v. Harris,* 2008 WL 2785495 (U.S. Oct. 14, 2008), in support of his position. In
20 *Harris v. Carter*, the Ninth Circuit held that equitable tolling is appropriate for the period that an
21 untimely state post-conviction petition was pending, where the state petition was filed before the
22 Supreme Court decided *Pace v. DiGuglielmo,* 544 U.S. 408 (2005), and where the petitioner relied
23 on the then-existing *Dictado* rule. *Harris v. Carter*, 515 F.3d at 1055-56. In *Harris*, "[t]he critical
24 fact here is that Harris relied in good faith on then-binding circuit precedent in making his tactical
25 decision to delay filing a federal habeas petition." 515 F.3d at 1055. In the instant case, petitioner
26 filed his motion to correct illegal sentence on July 20, 2005, and his second state habeas petition on
27 September 19, 2005, both after the United States Supreme Court's April 27, 2005 decision in *Pace v.*
28 *DiGuglielmo,* 544 U.S. 408, 413 (2005). The *Pace* decision had already overruled the *Dictado* rule

7

when petitioner decided to file his second state habeas petition, instead of filing his federal habeas petition. Petitioner was not relying on "then-binding circuit precedent" when he decided to file his second state habeas petition on September 19, 2005, rather than file a federal habeas petition. This fact distinguishes the instant case from the situation in *Harris v. Carter*. As such, petitioner cannot rely on *Harris v. Carter* to avoid the rule announced in *Pace v. DiGuglielmo*.

The second state habeas petition was not a properly filed state post-conviction or collateral review sufficient to toll the AEDPA limitations period. The Nevada Supreme Court dismissed the petition on the grounds that it was untimely and successive. (Exhibit 80). Untimely filed state petitions are not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) and do not toll the statute of limitations. *Pace v. DiGuglielmo,* 544 U.S. at 417. The last date on which petitioner could have filed a timely federal petition was January 12, 2006, nine days after the Nevada Supreme Court issued its remittitur from the denial of petitioner's appeal of his motion to correct illegal sentence. As discussed above, petitioner is not entitled to statutory or equitable tolling while the untimely second state petition was pending in the state courts. This action must be dismissed as untimely.

## III.   Certificate of Appealability

In order to proceed with his appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*

This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard. The Court will therefore deny petitioner a certificate of appealability.

**IV.    Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (Docket #34) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE as untimely.**

**IT IS FURTHER ORDERED** that the Clerk **SHALL ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

DATED this 17th day of June, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE